# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**THE NAPLES CONTINENTAL CLUB INCORPORATED, AND/OR ALL UNIT HOLDERS, ATIMA,**

    Plaintiff,

v.

**HARTFORD INSURANCE COMPANY OF THE MIDWEST, and HARTFORD FIRE INSURANCE COMPANY,**
    Defendant,
_____ /

Civil Action: 2:25-cv-907

## COMPLAINT

**COMES NOW** Plaintiff, THE NAPLES CONTINENTAL CLUB INCORPORATED, AND/OR ALL UNIT HOLDERS, ATIMA ("Plaintiff" or "Insured"), by and through undersigned counsel, who files this Complaint against Defendants, HARTFORD INSURANCE COMPANY OF THE MIDWEST and HARTFORD FIRE INSURANCE COMPANY, ("Defendant" or "Insurer"), on the grounds set forth below:

## JURISDICTION & VENUE

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. §4001, *et seq*., pursuant to the insurance contract issued to Plaintiff by Defendant, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331. This Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. §4072.

2. The property at issue in this action is described as and located at 3443 Gulf Shore Blvd. N., 8 Bay Carport, Naples, Florida 34103 and/or 34102, which is described in the declarations page of the Policy as having the address "8 BAY CARPORT NAPLES, FL 341020000" (hereinafter referred to as the "Insured Property"). The Insured Property is situated in the Middle District of Florida, Fort Myers Division, and thus venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(3), Article VIII (O).

## **PARTIES**

3. Plaintiff, THE NAPLES CONTINENTAL CLUB INCORPORATED, AND/OR ALL UNIT HOLDERS, ATIMA, was, and still is, the owner of the Insured Property at all times material to the allegations set forth in the Complaint.

4. Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, was and is a private flood insurance company which is qualified to do

business in the State of Florida. Defendant issued a FEMA, National Flood Insurance Program Standard Flood Insurance Policy (SFIP), General Property form, in its own name, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

5. Defendant, HARTFORD FIRE INSURANCE COMPANY, was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a FEMA, National Flood Insurance Program Standard Flood Insurance Policy (SFIP), General Property form, in its own name, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging for the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

## FACTUAL ALLEGATIONS

6. Defendant issued a General Property form to Plaintiff, namely, Company Policy No. 99017115572019 and NFIP Policy No. 0171155703 (the "Policy"), effective within the date of loss complained of herein, whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. A true and correct copy of the available Policy documentation is attached herein as Exhibit "A." Plaintiff further incorporates by reference, as part hereof, the terms and provisions of the SFIP, as set

forth in 44 C.F.R. Pt. 61, App. A(1), representing the Policy in effect during the referenced time period. It is believed, and therefore alleged, that the Policy provides coverage for the structure as a "pre-FIRM" structure.

7. Plaintiff dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

8. On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding and inundation, from Hurricane Ian, which caused substantial property damage and other insured losses, including damage to contents.

9. The covered damages were thoroughly documented by experts retained by the Plaintiff, replete with supporting documentation, including specifications of the damages and detailed, accurate estimates, were submitted to Defendant.

10. Plaintiff timely submitted a claim, and Defendant, by and through its agents and designated others, acknowledged the claim, and assigned a claim number to the claim/loss, which is believed to be 383722.

11. Damage, as a result of a flood, was or should have been, if properly evaluated, a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

12. The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

13. Despite multiple attempts by Plaintiff to move the claim toward resolution, Defendant has repeatedly failed to honor its Policy obligations and failed to fully indemnify Plaintiff for the losses sustained.

## COUNT I - BREACH OF INSURANCE CONTRACT

14. Plaintiff adopts and incorporates into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

15. Damage, and related losses, as a result of the flood, was a covered peril and cause of loss pursuant to the terms and conditions of the Policy issued by Defendant to Plaintiff.

16. Plaintiff submitted a timely claim to Defendant for the alleged damages and has met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

17. Plaintiff submitted a factually detailed estimate of the damages and proof of loss, resulting in a dispute as to the proper value.

18. Defendant has breached its insurance contract with Plaintiff by denying, or constructively denying, the true value of Plaintiff's claims for damages, including but not limited to by: not including the full scope of damages, omitting

covered damages, and using inadequate pricing which did not accurately reflect the true cost of repairs unique to the buildings and community.

19. Defendant has breached its insurance contract with Plaintiff by failing and refusing to fully indemnify Plaintiff and by failing to tender all insurance proceeds due and owing.

20. Defendant has further breached its insurance contract with Plaintiff by failing and refusing to adjust all losses properly and fairly as required by the Policy.

21. As a direct and proximate consequence of Defendant's breach of insurance contract, as alleged herein, and as will be demonstrated in discovery, Plaintiff has been deprived of the full coverages and other benefits afforded under the Policy.

**WHEREFORE**, Plaintiff, THE NAPLES CONTINENTAL CLUB INCORPORATED, AND/OR ALL UNIT HOLDERS, ATIMA, prays that after due proceedings are heard, that this Honorable Court enter Judgment in favor of Plaintiff and against the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST and HARTFORD FIRE INSURANCE COMPANY, for all amounts for damages to which it is entitled due to Defendant's breach of the insurance contract, and for such other costs, expenses, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record or pro se parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**Vishio Watkins & Forry, PLLC**

***/s/ Garrett William Haakon Clifford, Esq.***
Garrett William Haakon Clifford, Esq.
Fla. Bar 107315
Attorney for Plaintiff
1112 Goodlette-Frank Road, Suite 204,
Naples, Florida 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vwflegal.com
lperry@vwflegal.com